[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15670
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:10-cr-20555-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DUNN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 13, 2012)

Before EDMONDSON, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Michael Dunn appeals the procedural and substantive reasonableness of his sentences after pleading guilty to car jacking, 18 U.S.C. § 2119 ("Count One"),

using, carrying, and brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A) ("Count Two"), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) ("Count Three").  Dunn was sentenced to 76 months' imprisonment for each of Counts One and Three, to be served concurrently, and 84 months' imprisonment for Count Two, to be served consecutively.[1]  No reversible error has been shown; we affirm.

We evaluate the reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 128 S.Ct. 586, 597 (2007).  We first examine whether the district court committed a significant procedural error, such as calculating improperly the guidelines range, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, basing the sentence on clearly erroneous facts, or failing to explain adequately the sentence.  Id.  After we have determined that a sentence is procedurally sound, we review the sentence's substantive reasonableness.  Id.  A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

---

[1]On appeal, Dunn fails to specify which portion of his sentence he is challenging. Because he concedes that his 84-month sentence for Count Two represents the mandatory statutory minimum sentence for his offense, we will assume that Dunn's appeal challenges only the concurrent 76-month sentences for Counts One and Three.

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. Id. Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, provision for the medical and educational needs of the defendant, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Dunn's sentences were procedurally reasonable. The district court calculated properly the guideline range and based the sentences on undisputed facts set forth in the Presentence Investigation Report ("PSI"). The record also shows that the district court considered Dunn's motion for a downward variance based on his mental retardation and depression. The court found these arguments unpersuasive, given Dunn's extensive criminal history and the need to protect the public. After considering Dunn's arguments, the court expressly stated that it considered the advisory sentencing guidelines and the section 3553(a) factors in determining Dunn's sentences. This explanation was sufficient to satisfy the  procedural requirements. See Talley, 431 F.3d at 786.

Dunn's sentences were also substantively reasonable. His 76-month sentences were within the applicable guidelines range of 70 to 87 months' imprisonment, and we ordinarily expect such sentences to be reasonable. See id. at 788. The sentences were also well below the statutory maximum sentences of 15-years' and 10-years' imprisonment for Counts One and Three, respectively. See 18 U.S.C. §§ 924(a)(2), 2119; United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that a sentence was reasonable in part because it was well below the statutory maximum).

The sentences also met the goals encompassed within section 3553(a). According to the PSI, Dunn's first encounter with law enforcement was at the age of 9-years old and, by the time he turned 23, he had 10 juvenile convictions (for trespass, grand theft, and criminal mischief) and 7 adult convictions (for grand theft, petit theft, robbery, battery on a law enforcement officer, and resisting arrest with and without violence). He also had 23 other arrests. Given Dunn's extensive criminal record, sentences within the guideline range seem needed to promote respect for the law, to provide just punishment, to deter him from further criminal activity, and to protect the public from future crimes.

Dunn argues that the PSI exaggerated the extent of his criminal history by listing each count as a separate paragraph instead of grouping counts by criminal

episode. Because Dunn did not object to this alleged error in district court, we review this issue only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).[2] Even when Dunn's counts are grouped together, however, the PSI still demonstrates that he had 11 distinct criminal proceedings -- 7 as a juvenile and 4 as an adult -- and 14 other arrests. Thus, we are unconvinced that the district court plainly erred in describing Dunn's criminal history as extensive.

Dunn also argues that the district court erred in failing to recognize the causal link between his mental retardation and his criminal past and in placing disproportionate weight on the need to protect the public.[3] The weight to be given a particular section 3553(a) factor is left to the sound discretion of the district court. United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences

---

[2]Under plain error review, Dunn must establish (1) error, (2) that is plain, (3) that affects his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Rodriguez, 398 F.3d at 1298.

[3]We reject Dunn's argument -- as contradicted by the record -- that the district court erred in failing to consider the section 3553(a) factors as a whole.

dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

We are not convinced that the district court committed a clear error of judgment in weighing the relevant statutory factors. The district court considered expressly Dunn's arguments about his mental and psychological health and indicated that -- but for Dunn's mental condition -- the court would have sentenced Dunn to the maximum punishment. It was within the district court's discretion to weigh Dunn's mitigating evidence against other factors, such as his criminal history and the need to protect the public from future crimes. Because the court did not "focus single-mindedly" on one section 3553(a) factor to the detriment of the other factors, we see no abuse of discretion. See United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006) (concluding that a sentence was unreasonable when the district court "focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors").

AFFIRMED.